IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
(ALBANY DIVISION)

| | |
|---|---|
| **NUTRIEN AG SOLUTIONS, INC. f/k/a** * | |
| **CROP PRODUCTION SERVICES, INC.** * | |
| * | |
| **Plaintiff** * | |
| * | Case No.: 1:20-cv-224 |
| Vs. * | |
| * | |
| **EDWIN ATKINSON, III** * | |
| * | |
| **Defendant** * | |
| * | |

## COMPLAINT

COMES NOW, NUTRIEN AG SOLUTIONS, INC. f/k/a CROP PRODUCTION SERVICES, INC., by and through the undersigned counsel, and files this Complaint for damages against Edwin Atkinson, III and alleges the following:

## PARTIES

1. Plaintiff Nutrien Ag Solutions, Inc. f/k/a Crop Production Services, Inc. (hereinafter "Nutrien" or "Plaintiff") is a corporation duly organized under and existing by virtue of the laws of Delaware with its principal place of business located in Colorado.

2. Upon information and belief, Edwin Atkinson, III is an individual residing in Georgia. Upon information and belief, Defendant Atkinson is subject to service of process at 2705 Whites Bridge Road, Colquitt, Miller County, Georgia 39837.

## FACTS

3. Nutrien sells agricultural goods, wares, merchandise and related services and provides financing to farmers and other engaged in the business of producing crops.

4. At all times relevant herein, Defendant engaged in the business of producing corn,

cotton, soybeans, wheat or other crops.

5. On or about March 22, 2013, Edwin Atkinson, III executed and delivered to Crop Production Services, Inc. a commercial credit application agreeing to the certain Terms and Conditions for the sale of fertilizer, chemicals, seed and related products and services for business purposes to Defendant. See Exhibit "A".

6. Nutrien is the successor to the creditor identified in the Commercial Credit Agreement described above.

7. The Credit Application/Credit Agreement ("Agreement") specifically provides:
"YOU AGREE TO PAY REASONABLE ATTORNEY FEES AND OTHER EXPENSES INCURRED BY CPS IN ENFORCING THIS AGREEMENT IN ALL COURTS. YOU ACKNOWLEDGE AND AGREE THAT CPS IS ENTITLED TO RECOVER LEGAL FEES AND EXPENSES INCURED IN ALL BANKRUPTCY PROCEEDINGS COMMENCED BY OR AGAINST YOU, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, SUCH FEES AND EXPENSES ARE RECOVERABLE IN ANY MATTER PECULIAR TO FEDERAL BANKRUPTCY LAW." See Exhibit "A", p. 2, ¶ 7.

8. Defendant failed to make payment of all amounts due under the Agreement and thereby breached and violated the terms and conditions of said Agreement by virtue of the failure to make payment as required.

9. As of September 30, 2020, the amount of principal and interest owed is $244,343.12. Of that amount, $202,851.75 is principal and $41,491.37 is interest. See Exhibit "B".

10. Plaintiff provided Defendant with written notice in accordance with Ga. Code Ann. § 13-1-11 on October 26, 2020 that it intended to enforce the attorneys' fees provisions of the Agreement. See Exhibit "C".

**JURISDICTION & VENUE**

11. This Court possesses jurisdiction to entertain this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Defendant and Plaintiff. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district and Defendant resides in Georgia.

13. The claims forming the basis of this Complaint, or a significant portion thereof, arose in the geographical area which is contained within the federal judicial district known as the Middle District of Georgia.

**COUNT I**
**Breach of Contract:  Commercial Credit Agreement**

14. Plaintiff incorporates by reference the allegations stated above as though repeated at length herein.

15. On or about March 22, 2013, Defendant executed the Agreement requesting Nutrien sell him seeds, fertilizer, chemicals, related products and services on an open commercial account.

16. The Agreement obligates Defendant to pay interest, expenses, including attorneys' fees, associated with the collection of any sum advanced under the agreement.

17. Defendant defaulted on the Agreement by failing to pay Nutrien the principal amount owing plus accrued interest when due and payable.

18. As a result of Defendant's material breach of contract, the Agreement went into default and the indebtedness of Defendant to Nutrien has been and is hereby declared immediately due and payable because to, among other events of default, non-payment of the indebtedness as required by the terms and conditions of the Agreement.

19. Nutrien is the creditor identified in the Agreement described above.

20. Defendant defaulted upon said Agreement and no part of the principal sum has yet been paid.

21. There remains due, owing, and unpaid under the Agreement described above a principal amount of $202,851.75 plus interest at rate of 18% per annum (1.5% per month).

22. Defendant is indebted to Nutrien in the total outstanding amount of $244,343.12 as of September 30, 2020, plus interest, costs, late fees, and the costs of collection.

23. Despite notice, Defendant has failed and refused, and continues to fail and refuse, to pay Nutrien the principal, interest, and costs as stated above, although Nutrien has repeatedly demanded payment from Defendant.

24. As a direct and proximate result of Defendant's breach of contract and default under the Agreement, Nutrien has suffered damages in the amount of $244,343.12 as of September 30, 2020, plus interest, costs, late fees, and the costs of collection.

25. Plaintiff is entitled to judgment against Defendant in the amount of $244,343.12, plus interest accruing on the principal balance of $202,851.75 at the rate of 18% per annum plus statutory attorneys' fees in the amount of $24,434.31 as provided in the parties' Agreement, as well as other default penalties and late fees provided for in the Agreement, and other costs and expenses incurred by Plaintiff to collect thereon.

## COUNT II
## OPEN ACCOUNT

26. Plaintiff incorporates by reference the allegations stated above as though repeated at length herein.

27. Defendant opened a commercial account with Nutrien whereby Nutrien would provide fertilizer, chemicals, seeds, and related products and services and Nutrien would advance the cost and expense of such products and services for Defendant's commercial production of corn, cotton,

soybeans, wheat or other crops in exchange for Defendant paying Nutrien in accordance with the Terms and Conditions stated in the Agreement.

28. Defendant thereafter ordered agricultural products and services from Nutrien on the resulting open account.

29. Nutrien supplied agricultural products and services as ordered by Defendant and invoiced Defendant during the relevant time period and provided monthly statements of account to Defendant.

30. Defendant failed to pay the amount owed on the account in accordance with the Terms and Conditions of the Agreement.

31. Nutrien has satisfied all conditions precedent necessary for Nutrien to be entitled to receive payment on the past due principal, interest, default charges and other amounts due under the Agreement in the total amount of $244,343.12.

32. Defendant breached the open account with Nutrien by failing to make payment of the principal, interest, and other charges for agricultural products and services which Nutrien provided at Defendant's special instance and request and for which Defendant promised to pay Nutrien.

33. Pursuant to the Agreement and O.C.G.A. § 7-4-16, Nutrien is entitled to interest at the rate of 1 ½ % per month, or 18 per annum, on all principal sums due and owing under the commercial account maintained by Defendant with Nutrien.

34. After applying all payments and giving credit for all amounts justly and properly due, Defendant remains indebted to Plaintiff in the principal amount of $202,851.75, plus interest at the rate of 18% per annum for a total outstanding balance of $244,343.12 as of September 30, 2020, plus $24,434.31 in attorneys' fees pursuant to the terms and parties' Agreement and as provided by O.C.G.A. § 13-1-11.

## COUNT III
**GOODS SOLD**

35. Plaintiff incorporates by reference the allegations stated above as though repeated at length herein.

36. On March 22, 2013, Defendant and Nutrien entered into an agreement whereby Nutrien would supply agricultural inputs and related products to him in exchange for a price.

37. By September 30, 2020, Defendant owed Nutrien in excess of $202,851.75 in overdue payments for agricultural inputs and related products.

38. Defendant stopped making payments or stopped making complete payments for the agricultural products and services ordered by him and sold by Nutrien to Defendant.

39. Defendant still owes Nutrien $244,343.12, plus accruing interest for those products and services sold and delivered by Nutrien to Defendant.

40. Invoices and account statements evidencing the shipment and non-payment for goods are in the possession of Nutrien and have been provided to Defendant with each delivery and again at the end of each month. Such documents are too voluminous to attach to this pleading, but will be provided to the Court upon request.

## COUNT IV
**UNJUST ENRICHMENT**

41. Plaintiff incorporates by reference the allegations stated above as though repeated at length herein.

42. Alternatively, Nutrien alleges Nutrien conferred non-gratuitous benefits upon Defendant.

43. Defendant used the agricultural inputs, products and related services in the operation of their joint commercial enterprise and sold the crops produced by Nutrien' products and services

to third-parties for monetary gain.

44. Defendant voluntarily accepted and retained the benefits conferred upon Defendant by Nutrien with the full knowledge that Nutrien provided such products and services to Defendant with the expectation of receiving payment.

45. Defendant failed to pay for all of the products and services provided by Nutrien, yet sold the crops and products while retaining all or substantially all of the monies from the sales.

46. The circumstances render Defendant's retention of the benefits inequitable unless Defendant pays Nutrien the value of the benefits conferred by Nutrien at the special instance and request of Defendant.

47. Defendant has been unjustly enriched at the expense of Nutrien.

48. Nutrien is entitled to damages as a result of Defendant's unjust enrichment including judgment for the full value of all benefits conferred by Nutrien and retained by Defendant for use in the operation of his farming operation.

WHEREFORE, Plaintiff Nutrien Ag Solutions, Inc. respectfully prays as follows:

1. Process issue to the Defendant Edwin Atkinson, III;

2. Award of Judgment against the Defendant Edwin Atkinson, III; as to Counts I though III of this Complaint for damages plus interest at the rate of 18% per annum on the invoiced sums which comprise the principal balance of $202,851.75, interest in the amount of $41,491.37 for the total balance of $244,343.12 owed to Nutrien from September 30, 2020 until entry of judgment and at the rate of 18% per annum from entry of judgment until satisfied in full;

3. Award of Judgment against the Defendant Edwin Atkinson, III, as to Counts I through III for the reasonable and necessary attorneys' fees and expenses of litigation incurred

by Plaintiff in bringing this action pursuant to O.C.G.A. § 13-1-11 and as expressly authorized by the Agreement.

4. Award of Judgment for monetary damages for $202,851.75 for unjust enrichment and unpaid goods received by Defendant plus interest from the earlier of (i) the date of filing this Complaint; or (ii) entry of judgment, and from entry of judgment until paid in full;

5. An award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action as provided by law;

6. All costs be cast against Defendant Edwin Atkinson, III; and

7. For such other and further relief as this Court deems just and necessary.

    Respectfully submitted,

    CASTELLOW & STRICKLAND, LLP

    /s/ Michael A. Strickland, Esq.
    Michael A. Strickland
    Georgia Bar No. 687810
    Michael.Strickland@MTCSlaw.com
    Attorney for Plaintiff Nutrien Ag Solutions, Inc.

P.O. Box 190
Moultrie, Georgia 31776
(229) 985-1213